HARRY WEINER'S CASE. November 28, 1962. Decree affirmed. This is an appeal by the insurer from a decree awarding the employee total incapacity compensation from December 31, 1959, in accordance with the decision of the reviewing board. On December 31, 1959, the employee, aged sixty, while on his way to a bank to deposit money was accosted by two men who threatened to throw acid in his face if he did not surrender the money in his possession. The employee complied; he then went into the bank and collapsed. Thereafter he was taken to a hospital where it was found that he was suffering from a heart ailment. The single member found that the employee suffered a personal injury which arose out of and in the course of his employment. This finding was amply warranted by the evidence and is not challenged. Following the incident of December 31, the employee did not resume his former work to any appreciable extent. On July 20, 1960, while ascending a flight of stairs in an M. T. A. station he suffered a coronary infarction, and it is not disputed that he is now totally disabled. The present controversy centers around certain findings of the single member, approved and affirmed by the reviewing board, which in substance were that the employee, when taken to the hospital on December 31, was suffering from coronary insufficiency and myocardial infarction; that the symptoms of this condition persisted and rendered the employee totally disabled for work thereafter; and that the employee suffered another heart attack on July 20, 1960, which "worsened his physical well-being, but did not add to [his] disability" since he was already totally disabled. The insurer contends that the employee has not sustained the burden of proving that the employee's present total disability resulted from the incident of December 31. Rather, it is argued, this disability resulted from a new and independent cause, namely, the incident of July 20, 1960, which was in no way connected with his employment. Whether the employee suffered a myocardial infarction on December 31 and whether he thereafter was totally disabled were questions of fact for the board to

Rescripts.

determine.   The medical evidence on these issues was conflicting and some-
what confused.   But we cannot say that the board's conclusion was unwar-
ranted.   Costs and expenses of this appeal shall be allowed by the single
justice.

*Daniel A. Canning* for the insurer.

*Chester Shatz* for the employee.